1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                          **DISTRICT OF NEVADA**

10

11   KERRY KELTNER, et al.                      )          2:05-CV-1126-BES-RJJ
                                                )
12                  Plaintiffs,                 )
                                                )          **ORDER**
13          v.                                  )
                                                )
14   KRYSTLE TOWERS, LLC, et al.                )
                                                )
15                  Defendants.                 )
     _____)

16

17          Currently before this Court is Defendants' Motion to Dismiss (#4), which was filed on

18   September 20, 2005. Plaintiffs filed a Response (#7) on October 5, 2005, and Defendants filed

19   a Reply (#16) on December 2, 2005.

20          Also before this Court is Plaintiffs' Motion for Remand (#5), which was filed on

21   September 23, 2005. Defendants filed a Response (#10) on October 11, 2005, and Plaintiffs

22   filed a Reply (#11) on October 24, 2005.[1]

23          Before this Court may rule on Defendants' Motion to Dismiss (#4), it must first consider

24   Plaintiffs' Motion to Remand (#5) and determine whether the Court has subject matter

25   jurisdiction over this action. McCabe v. Gen. Foods Corp., 81 F.2d 1336, 1339 (9th Cir. 1987).

26   _____

27          [1] In their Opposition to Plaintiffs' Motion to Remand (#10), Defendants request that this Court deny
     Plaintiffs' Motion to Remand (#5), or, alternatively, stay this action until the final resolution of Azevedo v. Krystle
28   Towers, Case No. 2:05-493-BES-PAL, which is on appeal to the Ninth Circuit. As is discussed below, the Court
     finds that remand is warranted in this case and therefore denies Defendants' request to stay this action as moot.

                                                     1

1    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district

2    courts of the United States have original jurisdiction may be removed by the defendant or

3    defendants, to the district court of the United States for the district and division embracing the

4    place where such action is pending." 28 U.S.C. § 1441(a) (2005). Further, under 28 U.S.C.

5    § 1447(c), a district court must remand an action "[i]f at any time before final judgment it

6    appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c).

7    These statutes are strictly construed against removal jurisdiction and doubts as to the right of

8    removal are resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980

9    F.2d 564, 566 (9th Cir. 1992); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089,

10   1090 (9th Cir. 2003). Because of the strong presumption against removal jurisdiction, the

11   removing party bears the burden of proving, by a preponderance of the evidence, that removal

12   is proper. Gaus, 980 F.2d at 566; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04

13   (9th Cir. 1996).

14   In their Notice of Removal (#1), Defendants allege that Plaintiffs' Complaint in this case

15   is a "duplicative sham pleading" because Plaintiffs are already class members in Azevedo v.

16   Krystle Towers, Case No. 2:05-493-BES-PAL ("Azevedo Class Action"), which was removed

17   to this Court pursuant to the Class Action Fairness Act ("CAFA"). The crux of Defendants'

18   argument is that this action may therefore be properly removed and consolidated with the

19   Azevedo Class Action and the related case, Stone v. Krystle Towers, Case No. 2:05-cv-671-

20   BES-GWF ("Stone Consolidated Action").

21   In their Motion to Remand (#5), Plaintiffs argue, inter alia, the following: (1) the state

22   court Complaint contains no class action allegations and therefore cannot be removed under

23   the CAFA; (2) assuming the Complaint does include class action allegations, it is subject to

24   mandatory remand under 28 U.S.C. § 1332(d)(5)(B) because there are less than 100 class

25   members; and (3) assuming there are more than 100 class members, the Complaint is subject

26   to discretionary remand because over 1/3 of the class members are from Nevada, a significant

27   Defendant is a Nevada citizen, and the principal injuries were incurred in Nevada, thereby

28   meeting the local action exception under 28 U.S.C. § 1332(d)(4)(A).

1       On October 11, 2005, Judge Mahan held a hearing on Motions to Remand that were

2   filed in both the Azevedo Class Action and the Stone Consolidated Action. Applying the factors

3   enumerated in 28 U.S.C. § 1332(d)(3), Judge Mahan declined to exercise jurisdiction over

4   either action and exercised his discretionary remand powers, finding, inter alia, that these

5   actions involved a local controversy that would be best decided by a Nevada state court. Thus,

6   because Judge Mahan remanded the Azevedo Class Action and the Stone Consolidated

7   Action, this action cannot be consolidated with those actions as Defendants argued in their

8   Notice of Removal (#1). Further, even assuming that Plaintiffs' Complaint could be read to

9   contain class action allegations, the Court agrees with Judge Mahan's ruling, exercises its

10  discretionary remand powers under 28 U.S.C. § 1332(d)(3), and declines to exercise

11  jurisdiction over this case.

12                                                      **III. Conclusion**

13      Based on the foregoing,

14      IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#5) is granted.

15      IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#4) is denied as moot.

16

17      DATED: This 7th day of June, 2006.

18

19

20  _____

21      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28